UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HEATHER JANSEN,

                    Plaintiff,

          -against-

THE CITY OF NEW YORK; NEW YORK
CITY DEPARTMENT OF EDUCATION;
DAVID C. BANKS, in his official capacity as
Chancellor of the New York City Department of
Education; MARION WILSON, in her official
capacity as Superintendent of District 31 of the
New York City Department of Education,

                    Defendants.

1:23-CV-7792 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff Heather Jansen, of Monroe Township, New Jersey, filed this *pro se* action

invoking the court's diversity jurisdiction, seeking unspecified relief in her complaint and

immediate injunctive relief in her motion for a temporary restraining order and a preliminary

injunction – *inter alia*, her immediate reinstatement as Principal of the Albert V. Maniscalco

Elementary School (also known as P.S. 46), located on Staten Island, Richmond County, New

York. She names as defendants: (1) the City of New York; (2) the New York City Department of

Education ("DOE"); (3) David C. Banks, in his official capacity as Chancellor of the DOE; and

(4) Marion Wilson, in her official capacity as Superintendent of District 31 of the DOE.

Plaintiff's claims arise from discrimination and, possibly, retaliation she allegedly experienced

while employed by the DOE as Principal of the abovementioned school, including her removal

from that position. The Court construes Plaintiff's complaint as asserting claims of employment

discrimination and, possibly, retaliation under Title VII of the Civil Rights Act of 1964 ("Title

VII") and 42 U.S.C. § 1983, associated claims under the Family and Medical Leave Act of 1993

("FMLA"), as well as claims under state law, including claims of employment discrimination

and, possibly, retaliation under the New York State and City Human Rights Laws.

    For the following reasons, the Court transfers this action to the United States District

Court for the Eastern District of New York.

## DISCUSSION

    Under the venue provision for Plaintiff's claims under Title VII, such claims may be

brought:

> in any judicial district in the State in which the unlawful employment practice is
> alleged to have been committed, in the judicial district in which the employment
> records relevant to such practice are maintained and administered, or in the
> judicial district in which the aggrieved person would have worked but for the
> alleged unlawful employment practice, but if the respondent is not found within
> any such district, such an action may be brought within the judicial district in
> which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

    With respect to Plaintiff's claims under Section 1983, the FMLA, and state law, such

claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated; or (3) if
> there is no district in which an action may otherwise be brought as provided in
> this section, any judicial district in which any defendant is subject to the court's
> personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purposes of Section 1391, a "natural person" resides in the judicial

district where the person is domiciled, and any other "entity with the capacity to sue and be

sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction

with respect to the civil action in question. *See* § 1391(c)(1), (2).

    This court, and every other federal district court within the State of New York, including

the United States District Court for the Eastern District of New York, is a proper venue for

Plaintiff's claims under Title VII because a significant portion, if not, all of the unlawful employment practices, including Plaintiff's removal from her position, are alleged to have occurred on Staten Island, Richmond County, New York. *See* § 2000e-5(f)(3).

As to Plaintiff's claims under Section 1983, the FMLA, and state law, while it is clear that the City of New York and the DOE (a New York City agency) reside within this judicial district, and in the Eastern District of New York,[1] Plaintiff does not allege where either Defendant Banks or Defendant Wilson resides. Thus, it is unclear whether this court is a proper venue for those claims under Section 1391(b)(1).

Even if the Court were to assume that all of the defendants reside within the State of New York and at least one of them resides within this judicial district, making venue for Plaintiff's claims under Section 1983, the FMLA, and state law proper in this court under Section 1391(b)(1), Plaintiff alleges that a significant portion, if not, all of the events giving rise to her claims occurred on Staten Island, Richmond County, within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Thus, it is clear that the United States District Court for the Eastern District of New York is a proper venue for those claims under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. § 112(c).

ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Eastern District of New York is appropriate for this action. Many, if not, all of the underlying events allegedly occurred, and Plaintiff's former immediate supervisor, Defendant Wilson, is assigned to a DOE office, on Staten Island, in the Eastern District of New York. It is also reasonable to expect that relevant documents and witnesses would be located in that judicial district. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees, or be granted immediate injunctive

relief, are determinations to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 7, 2023
         New York, New York

            /s/ Laura Taylor Swain
            LAURA TAYLOR SWAIN
            Chief United States District Judge